Orlando v County of Putnam (2022 NY Slip Op 04814)

Orlando v County of Putnam

2022 NY Slip Op 04814

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-00518
 (Index No. 500608/18)

[*1]Paul Orlando, respondent, 
v
County of Putnam, appellant.

Keane & Beane P.C., White Plains, NY (Jaclyn G. Goldberg of counsel), for appellant.
O'Neil & Burke, LLP, New York, NY (William T. Burke of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated December 11, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff is a retired employee of the defendant County of Putnam and, prior to his retirement, was a member of the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA). "CSEA's members and former members may obtain health insurance through the New York State Health Insurance Plan (NYSHIP), an optional health-benefit plan covering current and retired state employees and other public employees" (Donohue v Cuomo, 38 NY3d 1, 7). Prior to his retirement, the plaintiff had opted out of the defendant's health insurance benefits, due to other coverage. At the time of the plaintiff's retirement on October 31, 2016, the collective bargaining agreement (hereinafter CBA) between CSEA and the defendant provided, inter alia, "[a]ny employee who retires on or after 1/1/08 and who is eligible for retiree health insurance benefits, and who opts out of such retiree health insurance due to other coverage, shall receive a cash payout equivalent to fifty (50%) percent of the value of Individual Coverage for the plan with the most active employee enrollees." At the time of his retirement, the plaintiff opted out of retiree health insurance benefits, due to other coverage, and requested a cash payout equivalent to 50% of the value of the individual coverage pursuant to the CBA.
The defendant denied the plaintiff's request, contending that the plaintiff was not eligible for retiree health insurance benefits pursuant to a provision in the NYSHIP Manual for Participating Agencies (hereinafter the NYSHIP manual), which provided that only an employee enrolled in the NYSHIP program or another employer-sponsored health plan at the time of retirement was eligible to continue coverage in retirement. The defendant contended that because the plaintiff had opted out of the defendant's health insurance benefits prior to retirement, he was not entitled to the payout for opting out of retiree health insurance benefits pursuant to the CBA.
The plaintiff commenced this action to recover damages for breach of contract. The [*2]defendant moved for summary judgment dismissing the complaint and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent and the best evidence of what parties to a written agreement intend is what they say in their writing" (id. at 12 [alterations and internal quotation marks omitted]; see Greenfield v Philles Records, 98 NY2d 562, 569). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d at 569; see Donohue v Cuomo, 38 NY3d at 13; Kolbe v Tibbetts, 22 NY3d 344, 353).
"Extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous, which is an issue of law for the courts to decide" (Greenfield v Philles Records, 98 NY2d at 569; see Donohue v Cuomo, 38 NY3d at 13). Such evidence "is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [internal quotation marks omitted]; see Donohue v Cuomo, 38 NY3d at 13). "A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion" (Greenfield v Philles Records, 98 NY2d at 569 [alterations and internal quotation marks omitted]; see Donohue v Cuomo, 38 NY3d at 13).
Here, the Supreme Court, in effect, properly determined that the relevant provisions of the CBA, when read in context, were clear and unambiguous, and established that the plaintiff was eligible for retiree health insurance benefits and the cash payout under the terms of the CBA. Thus, on his cross motion, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting, among other things, a copy of the relevant pages of the CBA.
In opposition, the defendant failed to raise a triable issue of fact through its submission of, inter alia, a copy of relevant pages of the NYSHIP manual, as such parol evidence was inadmissible to determine the parties' intent with regard to the CBA, and thus, was, in effect, properly disregarded by the Supreme Court (see W.W.W. Assoc. v Giancontieri, 77 NY2d at 163; Quartz Caterers, Inc. v Nassau County Bar Assn., 129 AD3d 1049, 1049).
Accordingly, the Supreme Court properly granted the plaintiff's cross motion for summary judgment on the complaint and denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court